UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| ANTHONY MALFATTI,<br><br>    Plaintiff,<br>   v.<br>MORTGAGE ELECTRONIC REGISTRATIONS SYSTEMS, INC.; and BAC HOME LOANS SERVICING, LP.,<br><br>    Defendants.<br>_____/ | No. C 11-03142 LB<br><br>**ORDER TO MEET AND CONFER TO FILE JOINT STATEMENT OF UNDISPUTED FACTS** |

This case is set for trial on September 9, 2013, and the last hearing date for dispositive motions is June 20, 2013. *See* Order, ECF No. 73. The deadline for filing a motion to be heard on June 20, 2013 was yesterday, May 16, 2013.

At 5:34 p.m. on May 15, 2013, Plaintiff's counsel, William Abbott, sent an e-mail to court staff explaining that counsel had been "unable to agree on a complete Statement of Undisputed Facts." Mr. Abbott explained that "[t]his is primarily due to my inability, due to recurring health problems, to devote the time necessary to resolve the inevitable disputes regarding the opposing facts which I wish to assert in the Statement." Mr. Abbott asked whether the court were amenable to modifying the summary judgment briefing schedule or hearing date.

On May 16, 2013, the remaining defendant, BAC Home Loans Servicing, LP. ("BAC"), timely filed its motion for summary judgment. *See* ECF No. 74. BAC did not file a joint statement of undisputed facts, as required. *See* ECF Nos. 74-78. Instead, BAC's counsel filed a declaration

C 11-03142
ORDER

explaining his efforts to meet and confer with Mr. Abbott to prepare a joint statement of undisputed facts. *See* Richardson Decl., ECF No. 76. The exhibits included e-mail correspondence documenting Defendant's attempts to comply with the court's rules. *Id.* Exs. 1-8. In the correspondence, Mr. Abbott proposes to Defendant's counsel the following:

> Your Motion will submit your Facts with an indication of those which I dispute. With my Opposition I will present my facts and evidence, and with your Reply you will submit your Statement of which you disagree with and the evidence to support your disagreement.

Richardson Decl. Ex. 6, ECF No. 76-1 at 15. Mr. Abbott's proposal does not comply with this court's Standing Order.

In addition, Mr. Richardson explains that he could not respond to some of Malfatti's proposed undisputed facts because they lacked verifiable citations. *See* Richardson Decl., ¶ 11. Malfatti's proposal is attached. *Id.* Ex. 8 (purported evidentiary support includes incomplete citations to "Richardson Dec.," "Ascenion Opp. Dec.," "FDIC Website," and "Freddie Mac Website").

Accordingly, the court ORDERS the following:

By 9:00 a.m. on Monday, May 20, 2015, Plaintiff shall e-mail BAC a written response to BAC's Separate Statement of Undisputed Facts filed at ECF No. 74-1. If Plaintiff does not dispute a fact, the response need only indicate that. If Plaintiff disputes a specific fact, the response shall include legal citations to the evidence supporting Plaintiff's position. If Plaintiff disputes a portion of a fact, the response shall indicate what is undisputed, what is disputed, and shall include legal citations supporting Plaintiff's position.

Also by 9:00 a.m. on Monday, May 20, 2013, Plaintiff shall e-mail BAC his complete additional proposed undisputed facts along with intelligible legal citations to evidence that is in the record or publicly-available. BAC shall have until 5:00 p.m. Monday, May 20 to respond to Malfatti's proposal. The parties shall then meet and confer as necessary to complete the joint statement and Plaintiff shall file it by 5:00 p.m. Tuesday, May 21. If the parties fail to meet that deadline, Mr. Abbott and Mr. Richardson shall report to the undersigned's chambers at 450 Golden Gate Avenue, 15th Floor, San Francisco, California, on Wednesday May 22 at 9:30 a.m. for a mandatory in-person meet-and-confer that shall continue until the parties complete their joint statement of undisputed facts. The court will be available for any case management conferences only after 5:30 p.m. due to a

1 previously-scheduled patent conference.

2 Finally, if Mr. Abbott's health problems prevent him from meeting any of these deadlines, he
3 shall file a declaration that comports with Civil Local Rule 7-5 and explain the situation. Any
4 confidential medical information may be filed under seal. The court does this because this is the
5 second time this has happened and the court previously set generous time periods to allow
6 appropriate briefing. *See* ECF No. 73.

7 The briefing schedule on BAC's motion for summary judgment remains unchanged.

8 Failure to comply with this order may result in sanctions.

9 **IT IS SO ORDERED.**

10 Dated: May 17, 2013

11 _____
LAUREL BEELER
United States Magistrate Judge